UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| George E. Davis, | ) | C/A No. 6:07-355-SB-WMC |
| Plaintiff, | ) | |
| vs. | ) | **Report and Recommendation** |
| Perry Haney, | ) | |
| Defendant. | ) | |

The plaintiff, George E. Davis ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pre-trial detainee in the Laurens County Jail[2], and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a Laurens City Police Officer as the sole defendant.[3] Plaintiff claims slander, official misconduct, and "denied due process." Complaint at 2. Plaintiff seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] The complaint alleges Plaintiff is being held in a county facility, although he was apparently arrested by a city police officer.

[3] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal

construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Background

The complaint states that the issues Plaintiff is attempting to litigate are "(slander) denied due process." Complaint at 2. Plaintiff alleges the "Defendant [lied from...the start] which is (official misconduct) and I ask that he be held liable for slander." Complaint at 4. The complaint is not clear, but apparently Plaintiff claims the defendant reported false information in a police report and/or an arrest warrant, concerning use of brass knuckles in an alleged assault involving Plaintiff. The complaint requests "a protection order" and "5 million dollars for slander and etc (wrongdoing)." Complaint at 5. The plaintiff also requests "to stop these (currupt cops) from being police officer(s) and.. any-other-government official since the defendant is a corrupt officer." [misspelling and punctuation irregularities in original].

**Discussion**

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *See Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint alleges slander, official misconduct, "wrongdoing" and denial of due process.

Only the due process claim raises a possible federal issue, as required by § 1983. Plaintiff's bare statement that he was "denied due process" is not sufficient, however, to allege a violation of the Due Process Clause of the United States Constitution. No facts alleged in the statement of claim portion of the complaint support Plaintiff's conclusory statement of denial of due process found on the second page of the complaint. Although the Court is bound to liberally construe his *pro se* complaint, the plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). *See also Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). The plaintiff's unsupported assertion of denial of due process is not sufficient factual allegations to support the single federal claim presented in the complaint. Although

4

required to liberally construe a *pro se* complaint, this Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The plaintiff's claims under § 1983 should be dismissed for failure to state a claim.

The remaining claims would, at most, be state law claims.[4] An action under § 1983 may not be based alone on a violation of state law or on a state tort, such as slander. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). *See also West v. Atkins*, 487 U.S. at 48 (to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); *Kendall v. City of Chesapeake*, 174 F.3d 437 (4th Cir. 1999) (same). Although not viable under § 1983, a state-law claim could be viable in federal court under diversity jurisdiction or pendant jurisdiction, but such jurisdiction is not present in this case.

State-law claims can be heard by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state-law claims along with federal-law claims, *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998), if such state claims are "so related" to the federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) when "the district court has dismissed all claims over which it has original jurisdiction." The claim of denial of due process, the only possible federal claim in the complaint should be dismissed, thus, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims

---

[4] The claim of "wrongdoing" is not a legal claim.

5

under § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

Diversity jurisdiction is established in 28 U.S.C. § 1332(a), which requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The complaint is clear that the plaintiff and defendant are residents of South Carolina, so complete diversity of parties does not exist and diversity jurisdiction cannot be established.

In as much as the complaint would involve intervention in Plaintiff's pending criminal case, this Court should abstain from interfering with an on-going state criminal proceeding, *Younger v. Harris*, 401 U.S. 37 (1971).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's attention is directed to the important notice on the next page.

s/William M. Catoe
United States Magistrate Judge

March 19, 2007
Greenville, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).