IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK. CHARLESTON, SC

2007 MAY 18  A 10: 05

| | |
|---|---|
| George E. Davis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:07-355 |
| v. ) | |
| ) | **ORDER** |
| Perry Haney, ) | |
| ) | |
| Defendant. ) | |



This matter is before the Court upon the *pro se* Plaintiff's complaint, brought pursuant to 42 U.S.C. § 1983. The record contains a report and recommendation of a United States Magistrate Judge ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B). In the R&R, the Magistrate Judge recommends that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process for failure to state a claim. The Plaintiff filed timely objections to the R&R. See 28 U.S.C. § 636(b)(1) (stating that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## BACKGROUND

In the Plaintiff's complaint, filed on February 5, 2007, the Plaintiff lists the issues as "(slander) denied due process." (Compl. at 2.) Specifically, the Plaintiff complains that the Defendant, a Laurens city police officer, "lied from the start which is (official misconduct)," and he asks "that he be held liable for slander." (Compl. at 4.) Although the facts of the complaint are less than clear, it seems that the Plaintiff claims that the Defendant reported false information on a police report and/or an arrest warrant regarding the use of brass knuckles in an alleged assault involving the Plaintiff. In his complaint, the Plaintiff requests

a protection order, reasonable attorney's fees, and five million dollars ($5,000,000.00) "for (SLANDER) and ETC (wrongdoing)." (Compl. at 5.)

In the R&R, filed March 19, 2007, the Magistrate Judge states that the only claim asserted by the Plaintiff that potentially raises a federal issue, as required by 42 U.S.C. § 1983, is the Plaintiff's statement on the second page of his complaint that he was "denied due process." (Compl. at 2.) However, because the Plaintiff does not allege any facts to support the Plaintiff's conclusory statement, the Magistrate Judge recommends that the Court dismiss this unsupported assertion (that he was "denied due process") for failure to state a claim.

With respect to the Plaintiff's other claim(s), namely, that the Defendant was guilty committed slander and misconduct, the Magistrate Judge states that these claims are "at most" state law claims, and an action under 42 U.S.C. § 1983 cannot be based alone on a violation of state law or on a state tort such as slander. Because the Magistrate Judge recommends dismissal of the Plaintiff's only potential federal claim ("denied due process"), he also recommends dismissal of the Plaintiff's state law claims, as the exercise of supplemental jurisdiction would not be proper, and diversity jurisdiction does not exist.

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis for those objections. Id. After a review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately

summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it by specific reference into this Order.

## DISCUSSION

On March 30, 2007, the Plaintiff filed written objections to the Magistrate Judge's R&R. In his objections, the Plaintiff asserts that he "has clearly pointed out to this Honorable Court whereas (defendant) Perry Haney (Lied) intentionally . . . ." (Obj. at 1.) Additionally, the Plaintiff states that he has suffered "much prejudice behind this (slander) and official misconduct since the alleged violation was committed by a person acting under the color of state law and his rights secured by the Constitution or Laws of the United States was violated [sic]." (Obj. at 2.)

After a careful review of the Plaintiff's objections, it is fair to say that the Plaintiff does not make any specific objection to the R&R, but rather, the Plaintiff merely rehashes his allegations, although somewhat incomprehensibly, and asserts that he has suffered prejudice as a result of the Defendant's alleged slander and official misconduct. Ultimately, however, the Plaintiff's rehashed allegations and assertions do not change the Magistrate Judge's conclusion that the Plaintiff has failed to state a federal claim under 42 U.S.C. § 1983. Stated simply, the Plaintiff has not offered any factual support for his conclusory allegation that he was "denied due process." Moreover, the Plaintiff's claims of slander, wrongdoing, and misconduct are at most state law claims,[1] and as the Magistrate Judge properly points out, an action under 42 U.S.C. § 1983 cannot be based alone on a violation of state law or on a state tort such as slander. Finally, because the Plaintiff has failed to

---

[1] As the Magistrate Judge correctly points out, the Plaintiff's claim of "wrongdoing" is not a legal claim.

3

state a federal claim, the Court agrees with the Magistrate Judge that it would be improper for the Court to exercise supplemental jurisdiction over the Plaintiff's potential state law claims. As such, and because diversity jurisdiction does not exist, the Court finds dismissal of the Plaintiff's complaint without prejudice and without issuance and service of process to be appropriate.

## CONCLUSION

For the reasons stated herein, the Court adopts the R&R as the Order of the Court, and it is

**ORDERED** that the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process for failure to state a claim.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

May 17, 2007
Charleston, South Carolina